MARVIN, Judge.
In these appeals each defendant pleaded to identical charges and received identical sentences, suspended, with conditions of probation.
Each was charged with making threatening and harassing telephone calls. LRS 14:285. Each pleaded nolo contendere. Each was sentenced to 18 months, suspended on conditions which included the requirements that $250 be paid to the Indigent Defender’s Office for legal services; that $1,500 be paid to the criminal court fund to defray costs of operation of the court; that each attend one hour per week of religious, ethical, or moral training; and attend a substance abuse clinic and group therapy such as Alcoholics Anonymous or Narcotics Anonymous.
Each defendant was given the written conditions of probation, general and special. Each signed a statement at the end of the written conditions:
“I have read and received a copy of the foregoing conditions of probation and I agree to abide by them.”
The record in each appeal contains this signed statement. The conditions were orally stated to each defendant during the sentencing colloquy. Neither defendant objected to the conditions of probation.
Each defendant contends that the conditions recited above (payment and attendance) constitute an excessive sentence under LSA-Const. Art. 1, § 20. They argue that the attendance condition is unreasonable and that the court has no authority to require anyone to attend “religious services.”
The trial court has much discretion under CCrP Art. 895 and “may impose any specific conditions reasonably related to ... rehabilitation ...”
CCrP Art. 895. IB authorizes a court, as a condition of probation, to require payment of an “amount of money ... to any or all of the following:
“... the indigent defender program for that court
“... the criminal court fund to defray the costs of operation of that court.”
The PSI report shows that Mr. Shoemaker had been convicted of DWI (1980), Drunk and Disorderly (1982), and several simple batteries. Mrs. Shoemaker apparently has no criminal history related to alcohol or narcotics abuse. The threatening telephone calls were made to the parents of Mrs. Shoemaker’s recently deceased first husband, the paternal grandparents of the four-year-old child of Mrs. Shoemaker. Where a husband has some history of alcohol abuse, it is not error for a trial court, as a subject of probation, to direct him and his wife to attend alcohol therapy and moral, ethical, or religious training programs where both have pleaded to their involvement in criminal conduct. The attendance condition does not require attendance at “religious services.” This condition requires defendants to “spend at least one hour each week at some institution where [they] will receive religious, ethical, or moral training.” The institution need not be a church. The training need not be a religious service. The attendance condition is stated in the alternative and *336 the choice of the institution, secular or clerical, is left to each defendant.
CCrP Art. 896 allows all conditions of probation to be adjusted by the court as the needs of the case may require. Hence, the conditions are not “final,” even though they are conditions relating to a sentence. Cf. CCrP Art. 912. If the conditions of probation, once agreed to as here, become unduly burdensome or impossible of reasonable fulfillment, a person under such a sentence may seek modification of those conditions from the trial court. CCrP Art. 896. The trial court’s exercise of its discretion under the article is subject to our supervisory review. A sentence, of course, is appealable on the grounds of excessiveness under LSA-Const. Art. 1, § 20. A defendant who is given a suspended sentence and conditions of probation is required to “agree in writing to the conditions.” CCrP Art. 895. That agreement is not acquiesence to the extent that the sentence becomes unappealable. Compare CCrP Art. 841.
Defendants do not otherwise attack the 18 month suspended sentence. Each sentence was “articulated” and is not, on its face, excessive. Defendants were exposed to a two year sentence and a fine of $5,000 by LRS 14:285.
Under these circumstances, the sentence in each appeal is AFFIRMED.